**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ZANDER LAMONT RICHARDSON, JR.     :
  #412-735
            Plaintiff                    :

      v.                                  :   Civil Action No. JKB-15-2236

BALTIMORE CITY DETENTION CENTER :
          Defendant

**MEMORANDUM**

On February 5, 2014, Zander Lamont Richardson, Jr., currently incarcerated within the Maryland Department of Corrections and housed at North Branch Correctional Institution in Cumberland, filed this civil complaint pursuant to 42 U.S.C. § 1983, seeking money damages. He complains that while awaiting trial at the Baltimore City Detention Center, he (1) suffered serious head injury following a 2011 assault and (2) was stabbed while on "T-tier" in 2012.[1] Richardson fails to provide the approximate dates on which these incidents occurred or the names of the individuals responsible. He has filed a motion for leave to proceed in forma pauperis (ECF No. 2) which shall be granted.

Examination of Maryland's electronic docket reveals that on January 7, 2009, Richardson was arrested for first-degree murder, burglary, and firearms offenses.[2] The Circuit Court docket indicates that Richardson was held without bail and on at least two occasions was adjudicated

---

[1] Richardson also notes (3) that he may be entitled to participate in a settlement for individuals who were treated with the antipsychotic medication Risperdal. Risperdal is an anti-psychotic drug prescribed to treat the symptoms of schizophrenia. It may also be used to treat episodes of mania, mixed episodes of mania and depression, or bipolar disorder. *See* http://www.nlm.nih.Qov/medlineplusldruginfo/medsia694015.html.
The court cannot advise Richardson regarding the law firms currently representing individuals who were prescribed this medication. Richardson may be able to ask his prison librarian for help in identifying and contacting these law firms.

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=0B01999333&loc=3&detailLoc=DSCR

incompetent to stand trial.[3]  Ultimately, he was declared competent and stood trial.  This court finds that despite his inartfully pled complaint, there is no requirement for appointment of a guardian to pursue the claims presented.  *See* Fed. R. Civ. P. 17(c)(2).

Richardson was a pretrial detainee while detained at the Baltimore City Detention Center ("BCDC"). The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 (1979). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus,* 979 F.2d 987, 991 (4th Cir. 1992) (citing *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir. 1988)).

Richardson does not indicate whether his 2011 beating was at the hands of officers or his fellow detainees.  Richardson's 2012 claim against Officers Tywoo and Martin regarding a January 2012 stabbing was previously examined in this court.  In *Richardson v. Tywoo, et al.,* Civil Action No. JKB-14-595 (D. Md.), Richardson indicated that on an unspecified date Tywoo and Martin, together with other unnamed BCDC employees, were somehow involved in an incident wherein he was assaulted and stabbed by "5 plus individuals for 20 minutes at least." *Id.,* ECF No. 1, p. 3 and ECF No. 4, p. 3.  He also claimed he was attacked again in a separate incident and stabbed in the leg, but Tywoo and Martin failed to protect him from such attack and left him in his cell without treatment, saying he was "crazy" and caused his injury by biting himself. *Id*., ECF No. 1; ECF No. 4, p. 3.  Despite a lack of clarity, the case proceeded. *Id.,* ECF No. 6.  The Division of Pretrial Detention and Services ("Division") searched its personnel records and found no record of a correctional officer with the surname of "Tywoo," or any other

---

[3]*See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=109043020&loc=69&detailLoc=DSK8

person with a similarly spelled name, who worked at BCDC between June 2, 2010, and February 1, 2012, the period during which Richardson claimed he was housed therein.[4]  Counsel for the Division found one officer who might have worked at BCDC but, given the two-year span in which the underlying alleged facts could have occurred and plaintiff's failure to identify "Officer Martin" by a first initial, was unable to determine if that one individual might have been involved in the incident.  *Id.,* ECF No. 11, pp. 1-2. The case was dismissed without prejudice on May 28, 2014.[5]  *Id.,* ECF No. 15.

Richardson's latest lawsuit does not survive initial review, as it is time-barred.  While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."  *Wallace v. Kato,*  549 U.S. 384, 387 (2007) (citing  *Owens v. Okure,* 488 U.S. 235, 249-50, (1989)); *Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975).  Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question.  *Cox*, 529 F.2d at  50.  The running of the statute of limitations begins when an individual knows or has reason to know of his injury. *Id*.  Here, the time of accrual would be at

---

[4] *See id.,* ECF No. 1 at 3.

[5] Richardson did not appeal.

the time of injury, in 2011 and in January of 2012.  Richardson did not file the instant lawsuit until after the limitations period expired; it is time-barred and, thus, cannot proceed.  A separate dismissal order will issue.

Date this 5th day of August, 2015.   _____/s/_____
James K. Bredar
United States District Judge